IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **GREGORY R. MILLER,**<br><br>Plaintiff,<br><br>v.<br><br>**FLUENT HOME, LLC, et al.,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:20-cv-00641<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

Contemporaneously with the filing of the Complaint, Defendants filed a document entitled "Defendants' Ex Parte Emergency Motion to Seal" in which they ask this court to seal this case.[1] Defendants provide numerous exhibits showing that Plaintiff Gregory R. Miller ("Mr. Miller") has been sanctioned in state court several times and, eventually, was labeled a vexatious litigant for asserting some of the claims that Mr. Miller has apparently brought to this court.[2] Because Defendants assert that at least some of the claims that Mr. Miller asserts in this action are the same baseless claims that got him disciplined in state court, Defendants ask this court to either seal the complaint or this entire case to protect Defendants from further reputational

---

[1] ECF No. 1.

[2] *Id.* at 2-9.

damage that may result if Mr. Miller' purportedly improper accusations are allowed to remain public.[3] As shown below, this court denies Defendants' motion to seal.

Although courts have discretion,[4] sealing litigation documents, to say nothing of entire cases, is disfavored in the United States. In fact, DUCivR 5-2(a) provides, "Court records are presumptively open to the public. Unless restricted by statute or court order, the sealing of civil cases is highly discouraged. In extraordinary circumstances, a judge may order a case to be sealed by granting a party's motion or sua sponte." The reason that sealing documents and entire cases is "disfavored" is because "[i]n the United States, there is both a constitutional (First Amendment) and a common law right of public access to judicial documents-defined as documents that are 'relevant to the performance of the judicial function and useful in the judicial process.'"[5] Given this constitutional and common law foundation for open courts, court records are presumed open to the public. Indeed, sealing entire cases is even more disfavored because doing so "conceal[s] the very existence of lawsuits from the public"[6] and, therefore, is a measure of last resort.[7]

---

[3] *Id*. at 10-12.

[4] *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (stating that sealing court records is "left to the sound discretion of the district court").

[5] *Veleron Holding, B.V. v. Stanley*, No. 12 CIV. 5966 CM, 2014 WL 1569610, at *6 (S.D.N.Y. Apr. 16, 2014) (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir.1995); and then citing *Amodeo,* 71 F.3d 1044, 1048 (2d Cir.1995)); *see also United States v. Bacon*, 950 F.3d 1286, 1292 (10th Cir. 2020) ("'Courts have long recognized a common-law right of access to judicial records.'" (citations omitted)).

[6] *Standard Chartered Bank Int'l (Am.) Ltd. v. Calvo*, 757 F.Supp.2d 258, 260 (S.D.N.Y. 2010).

[7] *In re Platinum & Palladium Commodities Litig.*, 828 F.Supp.2d 602, 604 (S.D.N.Y. 2011).

To overcome the heavy presumption in favor of keeping records and cases open to the public, a party must show that the interests of sealing a case "heavily outweigh the public interests in access," which requires the court to "weigh the interests of the public, which are presumptively paramount, against those advanced by the parties."[8] "[T]he party seeking to keep records sealed bears the burden of justifying that secrecy . . . ."[9]

The court finds that Defendants have failed to carry their burden to seal the complaint and, in the alternative, the entire case. In nearly all civil and criminal litigation filed in the United States Courts, one party asserts that the allegations leveled against it by another party are patently false, and the result of the litigation may quickly prove that. However, if the purported falsity of the complaint's allegations were sufficient to seal an entire case, then the law would recognize a presumption to seal instead of a presumption of openness. Tellingly, Defendants cannot cite any case—and the court cannot find any—that would allow either the complaint or this entire case to be sealed because an infamously litigious plaintiff has filed claims in a court after some of those claims had been previously rejected in another court. To deal with such circumstances, the law provides remedies such as issue preclusion,[10] claim preclusion,[11] the

---

[8] *Bacon,* 950 F.3d at 1293 (quotations and citation omitted).

[9] *Id.* (quotations and citation omitted).

[10] *Park Lake Res. Ltd. Liab. v. U.S. Dep't of Agric.*, 378 F.3d 1132, 1136 (10th Cir. 2004) ("In contrast to claim preclusion, issue preclusion bars a party from relitigating an issue once it has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim.").

[11] *Id.* ("Claim preclusion bars a party from relitigating a claim or cause of action on which final judgment has been rendered.").

*Rooker-Feldman* doctrine,[12] and vexatious litigant motions to restrict a plaintiff from filing new cases in federal court.[13] However, sealing the complaint or the entire case is not among the options that the law provides.

### ORDER

Therefore, Defendants' motion[14] is DENIED.

DATED September 23, 2020.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[12] *Lance v. Dennis*, 546 U.S. 459, 463 (2006) ("[U]nder what has come to be known as the *Rooker–Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments.").

[13] *Berg v. Gedo*, No. 20-4046, 2020 WL 5230553, *1 (Sept. 2, 2020 10th Cir.) (affirming district court's denial to allow plaintiff to file frivolous action after plaintiff placed on district court's restricted filer list).

[14] ECF No. 1.